[Cite as *Turner v. State*, 2019-Ohio-1847.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JOHN LOUIS TURNER, JR., | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2018-L-140** |
| THE STATE OF OHIO, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition Dismissed.

*John Louis Turner, Jr.*, pro se, PID: A673-787, Pickaway Correctional Institution, P.O. Box 209, 11781 State Route 762, Orient, OH 43146 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and Eric A. Condon, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} On December 19, 2018, relator, John Louis Turner, Jr., filed a pro se "Petition for Writ of Mandamus to Compelle [sic] Lake County Common Pleas Court to Correct there [sic] Own Wrong in Motion to Alter or Amend the judgment in Case No. 14-CR-000533 under Fed. R. Civ. P. 59(3)." Respondent, the state of Ohio, filed a motion to dismiss the mandamus petition on January 11, 2019. Thereafter, on January 25, 2019, relator filed an omnibus motion under App.R. 5 attempting to reopen the appellate

judgment rendered by this court in *State v. Turner*, 11th Dist. Lake No. 2015-L-116, 2016-Ohio-4733, released on June 30, 2016.

{¶2} In support, relator raises the same assignment of error considered in *State v. Turner*, 11th Dist. Lake No. 2015-L-116, 2016-Ohio-4733, to wit: that the trial court failed to comply with Crim.R. 44(c) in allowing appellant to waive counsel. This assignment of error has already been addressed.

{¶3} App.R. 5(B) provides:

> [i]f a federal court grants a conditional writ of habeas corpus upon a claim that a defendant's constitutional rights were violated during state appellate proceedings terminated by a final judgment, a motion filed by the defendant or on behalf of the state to reopen the appellate proceedings may be granted by leave of the court of appeals that entered the judgment. The motion shall be filed with the clerk of the court of appeals within forty-five days after the conditional writ is granted. A certified copy of the conditional writ and any supporting opinion shall be filed with the motion. The clerk shall serve a copy of a defendant's motion on the prosecuting attorney.

{¶4} None of the conditions for reopening the appeal contained in App.R. 5(B) have been met. A federal court has not granted a conditional writ of habeas corpus upon relator's claim that his constitutional rights were violated. Because of this, a certified copy of the conditional writ and supporting opinion could not be filed with relator's motion because it does not exist.

{¶5} Wherefore, it is the order and judgment of this court that respondent's motion to dismiss is granted.

{¶6} Relator's petition for mandamus is dismissed, and the application for reopening is denied.

THOMAS R. WRIGHT, P.J., TIMOTHY P. CANNON, J., MATT LYNCH, J., concur.

2